

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ZOE SAMANTHA WATSON,

    Plaintiff,

v.                                                                          Civil Action No.: 2:15cv407

CAROLYN W. COLVIN
ACTING COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

### OPINION AND ORDER

This matter comes before the Court on Plaintiff Zoe Samantha Watson's ("Plaintiff") Objections to the Report and Recommendation of the Magistrate Judge. Doc. 14. For the reasons explained below, the Court **DECLINES** to adopt the portions of the Magistrate Judge's Report and Recommendation ("R&R"), Doc. 13, to which Plaintiff objects. The Court thus **DENIES** Defendant Acting Commissioner's ("Defendant") Motion for Summary Judgment, Doc. 10. The Court **GRANTS** Plaintiff's Motion for Summary Judgment, Doc. 8, to the extent it seeks reversal and remand of the Commissioner's decision and **DENIES** it to the extent it seeks entry of an order directing the award of benefits. Therefore, the Court **VACATES** and **REMANDS** the Commissioner's decision for further administrative proceedings.

### I. BACKGROUND

Plaintiff does not object to the recitation of the procedural and factual background of this case contained in the R&R, which sets forth, <u>inter alia</u>, the following facts. Plaintiff filed an application for disability insurance benefits ("DIB") with the Social Security Administration ("SSA") on February 26, 2014, alleging a disability onset date of September 1, 2013. R&R at 1. The application alleged that Plaintiff suffered from spinal pain, migraines, fibromyalgia, severe

depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder. Id. Plaintiff's application was denied initially, as well as upon reconsideration.[1] Id. Plaintiff requested an administrative hearing, which was conducted on September 30, 2014. Id. at 2; see also R. 53–74. Following the hearing, the Administrative Law Judge ("ALJ") concluded that Plaintiff was not disabled within the meaning of the Social Security Act and denied Plaintiff's claim for disability benefits. R. 33–47. Plaintiff sought to appeal the ALJ's decision, but the Appeals Council denied her request for review on July 17, 2015, making the ALJ's decision the Commissioner's final decision. R&R at 2; see also R. 1–3.

On September 15, 2015, Plaintiff filed a Complaint against the Acting Commissioner of Social Security ("Defendant"), seeking judicial review of the Acting Commissioner's decision. See Doc. 1. Defendant filed an Answer on November 30, 2015. Doc. 4. After this Court referred this matter to a Magistrate Judge on December 4, 2015, Doc. 6, both parties filed motions for summary judgment, Docs. 8, 10. On May 18, 2016, the Magistrate Judge issued the R&R, which concludes that substantial evidence supports the ALJ's decision. Doc. 13 at 9–20. Accordingly, the Magistrate Judge recommends that summary judgment be issued in favor of the Acting Commissioner. Id. at 20.

Plaintiff filed her objections to the R&R on May 30, 2016. Doc. 14. Defendant filed a response on June 9, 2016, Doc. 15, and this matter is now ripe for the Court's consideration.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, the Court reviews de novo any part of a Magistrate Judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may then "accept, reject, or modify the recommended disposition; receive

---

[1] Plaintiff's initial application was denied on May 5, 2014. Certified Administrative Record ("R.") 86. On June 12, 2014, upon reconsideration, the Social Security Administration found that the denial of Plaintiff's claim was proper. R. 99–100.

further evidence; or return the matter to the magistrate judge with instructions." Id. The Court reviews those parts of a Magistrate Judge's recommendation to which a party has not objected for clear error. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315–16 (4th Cir. 2005).

In exercising de novo review of the parts of a Magistrate Judge's recommendation to which a party has properly objected, the Court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. Specifically, the Court's review of the Commissioner's decision is limited to determining whether that decision was supported by substantial evidence on the record and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." Id. (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotation mark omitted). Courts have further explained that substantial evidence is less than a preponderance of evidence, but more than a mere scintilla of evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Importantly, in reviewing the ALJ's decision the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id. (quoting Craig, 76 F.3d at 589) (internal quotation mark omitted) (final alteration in original). Thus, if the Court finds that there was substantial evidence to support the ALJ's factual findings, even if there was also evidence to support contrary findings, the ALJ's factual findings must be upheld.

### III. ANALYSIS

Plaintiff disagrees with the ALJ's conclusion that she is not eligible for Social Security Disability Benefits. See Doc. 14 at 2. In her motion for summary judgment, Plaintiff asserts that

the ALJ erred (1) in failing "to account for all of the effects of [Plaintiff's] mental impairments affecting her concentration, persistence and pace" in his Residual Functional Capacity ("RFC") determination; and (2) in improperly relying upon "vocational testimony in reaching his decision that failed to fairly account for all of [Plaintiff's] limitations resulting from her impairments." Doc. 9 at 3.

In the R&R, the Magistrate Judge rejects Plaintiff's arguments and recommends that the Acting Commissioner's final decision be affirmed, first, because the ALJ properly accounted for Plaintiff's mental impairments when making his RFC determination. Doc. 13 at 13. Second, the Magistrate Judge finds that the Vocational Examiner's ("VE") testimony in response to the ALJ's hypotheticals properly accounted for Plaintiff's mental impairments. Id. at 18.

In her objections to the R&R, Plaintiff requests that the R&R be rejected and that summary judgment be entered in Plaintiff's favor, because the ALJ failed to reconcile two contradictory findings and because such an error resulted in an improper RFC finding, which the ALJ then improperly used as the basis for hypothetical questions to the VE. Doc. 14 at 2, 7. Plaintiff argues that the ALJ thus acted in contradiction of Mascio v. Colvin, 780 F.3d 632, 637 (4th Cir. 2015). Id. Plaintiff's objections appear identical to the arguments Plaintiff raised before the Magistrate Judge. See id.; see also Doc. 13 at 13.

### A. The ALJ Failed to Explain Why Plaintiff's Moderate Limitation in Concentration, Persistence, or Pace Does Not Affect Plaintiff's Ability to Stay on Task.

In Mascio, the Fourth Circuit held that the ALJ erred "by ignoring (without explanation) [the plaintiff's] moderate limitation in her ability to maintain her concentration, persistence, or pace . . . ." 780 F.3d at 633. The Fourth Circuit specified that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Id. at 638 (citing Winschel v. Comm'r of

Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). The Fourth Circuit stressed that "the ability to perform simple tasks differs from the ability to stay on task." Id. Indeed, the ability to stay on task, rather than the ability to perform simple tasks, accounts "for a claimant's limitation in concentration, persistence, or pace." Id. Although the Fourth Circuit noted that an ALJ could perhaps explain why a "moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in" the RFC, absent such an explanation, remand is warranted. Id. District courts in this circuit thus have held that an ALJ satisfies Mascio by providing detailed discussion of a plaintiff's capacity for concentration, persistence, or pace. See, e.g., Sizemore v. Colvin, No. 5:15cv53, 2016 WL 483140, at *3 (W.D.N.C. February 5, 2016); see also Mitchell v. Colvin, No. 7:14cv00041, 2015 WL 5690899, at *5–7 (W.D. Va. Sept. 28, 2015); see also St. Clair v. Colvin, No. 7:13cv00571, 2015 WL 5310777, at *5–7 (W.D. Va. Sept. 11, 2015). An ALJ also can comply with Mascio by limiting a plaintiff to a non-production oriented work setting, for such a limitation adequately accounts for an individual's ability to stay on task. E.g., Baker v. Colvin, No. 3:15-cv-00637, 2016 WL 3581859, at *3 (E.D. Va. June 7, 2016) (collecting cases), adopted by 2016 WL 3582071 (E.D. Va. June 28, 2016). In Eastwood v. Colvin, for example, this Court found that an "ALJ accounted for [a plaintiff's] persistence through the 'few workplace changes' limitation, accounted for [the plaintiff's] concentration through the 'little independent decision-making' limitation and accounted for [the plaintiff's] pace through the 'assembly-line pace' limitation." No. 3:15cv156, 2016 WL 805709, at *4 (E.D. Va. Feb. 12, 2016), adopted by 2016 WL 881123 (E.D. Va. March 1, 2016).

However, many district courts in the Fourth Circuit have held that an ALJ fails to comply with Mascio if he or she conflates a plaintiff's ability to perform simple tasks with a plaintiff's ability to stay on task. See, e.g., Baez v. Colvin, No. 2:14-cv-00628, 2015 WL 9652888, at *19

(E.D. Va. December 7, 2015) (collecting cases), adopted by 2016 WL 69900 (E.D. Va. January 5, 2016); see also Wedwick v. Colvin, No. 2:14cv267, 2015 WL 4744389, at *23–24 (E.D. Va. Aug. 7, 2015) (noting that "a limitation in concentration, persistence and pace correlates to a limitation in ability to stay on task" and finding that the ALJ's failure to address the plaintiff's ability to stay on task for an entire day, despite a finding that the plaintiff was capable of simple tasks, requires remand). For example, in Baez, this Court found that an ALJ who ruled that a plaintiff could "sustain simple work tasks" based on his finding that the plaintiff could "perform limited duty and go to church still does not explain how [the plaintiff's] moderate limitations in concentration, persistence, and pace affect his ability to stay on task for an entire work day." 2015 WL 9652888, at *19, adopted by 2016 WL 69900. Similarly, in Taylor v. Colvin, the Western District of Virginia faulted the ALJ for failing to discuss a plaintiff's ability to stay on task. No. 7:14cv00616, 2015 WL 7308680, at *1 (W.D. Va. Nov. 19, 2015). The court noted that "in a case in which plaintiff has alleged disability on the basis of depression, and in which much of the medical evidence documents treatment of what was diagnosed as major depressive disorder by the consultative psychologist, the plaintiffs [sic] residual functional capacity, as found by the Law Judge, makes reference only to limitations to unskilled work not involving more than occasional interactions with the public." Id. Since the ALJ failed to explain why she believed that the plaintiff's moderate difficulties in concentration, persistence, or pace did not affect the plaintiff's ability to stay on task, the Western District of Virginia remanded the case for further proceedings. Id. at *2. Likewise, the District of Maryland examined an RFC that limited the plaintiff "to simple, routine, repetitive tasks involving short, simple instructions in an environment with few workplace changes, no public contact, and only brief, infrequent contact with supervisors and coworkers not requiring teamwork or collaboration." Handy v. Comm'r of

Soc. Sec., No. SAG-09-1566, 2015 WL 9302972, at *2 (D. Md. Dec. 22, 2015). The ALJ in Handy also assessed a moderate limitation in concentration, persistence, or pace. Id. The District of Maryland noted that the case "is partially distinguishable from Mascio," because at step three of the evaluation process, the ALJ, in noting that the plaintiff suffered moderate limitations in concentration, persistence, or pace, also wrote that the plaintiff "is able to read and drive a car, both of which require concentration." Id. at *3. The court noted that the additional "analysis suggests that the ALJ felt that [the plaintiff's] ability to concentrate would not present a serious impediment to his ability to work." Id. However, although the RFC "impose[d] several restrictions corresponding with the finding of moderate difficulties in social functioning[] and restrictions which appear designed to address cognitive challenges," the court remanded the case because "there [was] no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace." Id.

Here, the ALJ found at step three that Plaintiff's impairments "significantly limit [her] ability to perform basic work activities by restricting her capacity to . . . interact appropriately with others in the workplace on a frequent basis and sustain concentration for the completion of complex or detailed tasks." R. 35–36. The ALJ additionally found that Plaintiff has moderate difficulties in social functioning and that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." R. 37–38. The ALJ noted that despite these difficulties, Plaintiff's "ability to manage the complicated medical equipment need[ed] for her daughter's care and her ability to drive[] show that Ms. Watson retains the ability to understand, remember and carry out at least simple instructions and tasks." R. 38.

The ALJ's RFC limits Plaintiff to performing light work and specifically notes that Plaintiff "has the ability to perform simple, repetitive tasks with training duration up to a month.

She can perform work activities requiring only occasional interaction with the public, co-workers and supervisors."[2] R. 39. In support of his RFC, the ALJ articulated that the "medical evidence, including test results, findings from physical examinations, findings from psychological evaluations and progress notes from mental health care confirm that the claimant has physical and mental impairments that result in significant functional limitations." R. 40. However, the ALJ ultimately found that "the evidence does not establish 'disabling' limitations." Id.

In discussing Plaintiff's mental impairments, the ALJ asserted that "the claimant's mental impairments [do] not support more than moderate functional limitations." R. 42. He assigned only partial weight to Dr. Fenigsohn's opinion, which found that "performing activities on a consistent basis, interacting with co-workers and the public and dealing with the usual stressors in competitive work would be 'highly problematic'" for Plaintiff, because this conclusion "is not consistent with the assigned GAF of 60 or with the findings of Dr. Fenigsohn throughout the evaluation" and because "Dr. Fenigsohn based his conclusion at least partially on the claimant's reported physical problems without benefit of the medical records." R. 42, 44. The ALJ further noted that the "specific limitations posed by the medical impairments are beyond [Dr. Fenigsohn's] expertise as a licensed professional counselor/Ed.D." R. 42. Yet, the ALJ stressed that the "medical records . . . related to the claimant's mental impairments show that Ms. Watson is generally depressed and has some symptoms of anxiety and PTSD." R. 43. The ALJ noted that "[a]lthough the psychiatrist reported some 'marked' limitations,[3] the treatment records document GAFs consistent with moderate symptoms . . ." Id. The ALJ gave "significant and greater weight to the opinions of the DDS medical consultants at the reconsideration level of denial, which included 'moderate' limitations in social functioning and concentration and the

---

[2] During the ALJ's discussion of Plaintiff's RFC, the ALJ refers to Ms. Watson as "Ms. Rodriguez" three times. See R. 39–40.
[3] As noted by the ALJ, a "marked limitation means more than moderate but less than extreme." R. 37.

ability to perform work activities in the 'light' exertional range." R. 44. Finally, the ALJ concluded that the "evidence of moderate mental symptoms supports the restrictions in interacting with others in the workplace and carrying out more than simple tasks that are incorporated in the residual functional capacity." R. 45. The ALJ's analysis thus explains why he characterized Plaintiff's limitation in concentration, persistence, or pace as no more than moderate. It also explains why he believed Plaintiff could perform simple tasks.

Although the ALJ explained why Plaintiff could perform simple tasks, he did not articulate whether she could perform such tasks for an entire workday, in direct contradiction of Mascio, 780 F.3d at 638.[4] Therefore, like the ALJ's assessments in Baez, 2015 WL 9652888, at *19, and Handy, 2015 WL 9302972, at *2–3, and unlike the ALJ's RFC in Eastwood, 2016 WL 805709, at *4, the ALJ in this case failed to account for Plaintiff's limitation in concentration, persistence, or pace, and the ALJ did not adequately explain his reasons for omitting such a limitation from the RFC. Just as citing the plaintiff's ability to perform limited duty, go to church, drive, and occasionally shop did not explain how the plaintiff's moderate limitation in concentration, persistence, or pace affected the plaintiff's ability to stay on task for an entire workday in Baez, 2015 WL 9652888, at *19, Plaintiff's abilities to drive and to manage her daughter's medical equipment do not address her potential to remain on task throughout the day. Rather, these activities support the ALJ's conclusion that Plaintiff can perform "simple, repetitive tasks." R. 39.

Defendant first maintains that "the ALJ fully accounted for Plaintiff's difficulties in concentration, persistence, or pace in his residual functional capacity determination" by including "limitations to unskilled work with only simple, repetitive tasks, and training duration

---

[4] It should be noted that the Fourth Circuit decided Mascio, 780 F.3d 632, after the ALJ issued his decision in this case.

of up to one month, to account for Plaintiff's complaints of difficulty with concentration." Doc. 11 at 16. However, the ALJ failed to explain his reason for limiting Plaintiff to work that requires training of up to one month. The fact that the ALJ concludes his RFC analysis by reiterating the restrictions to simple tasks, however, shows that the limitation to work requiring no more than one month of training likely refers to simple work. Yet, a restriction to simple, repetitive tasks does not account for a moderate limitation in concentration, persistence, or pace. E.g., Mascio, 780 F.3d at 638.

Defendant additionally asserts that the "ALJ did not find, however, and the record does not show, that Plaintiff had difficulties with the *persistence or pace* elements of the paragraph B criteria addressing concentration, persistence, or pace." Doc. 11 at 17 (emphasis in original). Defendant then cites to Dr. McClain, who "concluded that Plaintiff remained capable of *concentrating* and *persisting at work duties to completion*." Doc. 11 at 17 (citing R. 98) (emphasis in original). However, the ALJ's analysis is devoid of any specific mention of Dr. McClain, and Dr. McClain's report actually states that Plaintiff's "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" is "moderately limited." R. 97. The report further notes that Plaintiff's mental conditions "may interfere with her ability to concentrate and attend regularly; however, she would be capable of performing simple and skilled tasks." Id. Although the ALJ's analysis in this case defending his RFC determination is much more detailed than that at issue in Mascio, 780 F.3d at 636–37, the fact that the ALJ ignored without explanation whether Plaintiff's mental impairments affect her ability to stay on task is fatal given the ALJ's finding that Plaintiff suffers from a moderate limitation in concentration, persistence, or pace.

The R&R notes that "the ALJ assessed Watson's statements, as well as the observations of her treating medical professionals, and determined the appropriate weight to be afforded to the opinions based on the support they received from Watson's medical records." Doc. 13 at 16. This Court agrees that the ALJ performed a detailed analysis, but this analysis supports the ALJ's decision that Plaintiff suffers from moderate limitations in concentration, persistence, or pace as opposed to marked limitations. The Court disagrees with the R&R which states that "unlike the plaintiff in Mascio, Watson's RFC included specific restrictions to accommodate her mental impairments and limitations in concentration by limiting her work to 'activities requiring only occasional interaction with the public, co-workers, and supervisors' and no more than one month of training." Doc. 13 at 17 (citing R. 39). Indeed, limiting interactions with the public, co-workers, and supervisors concerns Plaintiff's moderate limitation in social functioning, not her moderate limitation in concentration, persistence, or pace. And, as discussed above, the ALJ provides no explanation of why limiting Plaintiff to jobs requiring less than one month of training accommodates her moderate limitation in concentration, persistence, or pace; instead, this limitation appears akin to restricting Plaintiff to simple and repetitive tasks. Thus, contrary to the Magistrate Judge's opinion, this Court is unable to conclude that substantial evidence supports the ALJ's RFC determination.

### B. The ALJ Erred by Relying on the VE's Testimony in Response to a Hypothetical That Failed to Account for Plaintiff's Limitation in Concentration, Persistence, or Pace.

At the administrative hearing, the ALJ asked the VE three hypotheticals. See R. 70–72. First, the ALJ asked the VE to consider a hypothetical individual who, in relevant part, was "capable of performing simple, routine tasks with training duration up to a month" and who occasionally could interact with the public, co-workers, and supervisors. R. 70–71. The VE responded that such a person could work as a cleaner, housekeeper, or clerical checker. R. 71.

The second hypothetical contained the same mental limitations as the first. R. 71. In the third hypothetical, the ALJ asked about an "individual [who] can only be on task on a frequent basis during a typical day due to symptoms from impairments." R. 72. The VE responded that there would be no work suitable for such an individual. Id.

The fact that the ALJ asked the last hypothetical shows he remained aware that at least some plaintiffs with impairments similar to Plaintiff's have trouble staying on task. However, the ALJ did not explain why he relied on the VE's answer to the first hypothetical as opposed to the third, for, as discussed above, the ALJ did not discuss Plaintiff's ability or inability to stay on task during the workday. Therefore, the ALJ erred by relying on the first hypothetical without explaining why Plaintiff's moderate limitation in concentration, persistence, or pace did not translate into an inability to stay on task.

## IV. CONCLUSION

Therefore, for the reasons listed above, the Court **DECLINES** to adopt the Magistrate Judge's Report and Recommendation, Doc. 13. The Court **GRANTS** Plaintiff's Motion for Summary Judgement, Doc. 8, to the extent it seeks reversal of the Commissioner's decision and **DENIES** it to the extent it seeks an award of disability benefits. The Court **DENIES** Defendant's Motion for Summary Judgment, Doc. 10. The Court thus **VACATES** and **REMANDS** the Commissioner's decision for further administrative proceedings consistent with this opinion.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 29, 2016

13